ALBERTO ARMSTRONG ET AL., Complainants,

*v.*

PASCASIO ALVARADO, Dft.

---

Equity, No. 261.

1. Where, in an equity suit, the question of complainants' want of capacity to sue is not raised by plea or demurrer, such objection is waived and cannot be raised by the answer.

2. By the Codes of Porto Rico in force before the year 1902, the registry of special ventures, or partnerships by private agreement between merchants, is not a prerequisite to the validity of such agreements, but remains optional with the contracting parties.

3. A partner charged with the liquidation of the affairs of an expired partnership has authority to sell any of the remaining assets of said partnership.

II. PORTO RICO.—3.

Armstrong v. Alvarado.

4. An exception to a master's report, not insisted on at the argument, should be overruled.

Order filed January 11, 1906.

---

*Messrs. Pettingill & Leake,* solicitors for complainants.

*Messrs. H. F. Hord* and *Luis Llorens,* solicitors for defendant.

McKENNA, Judge, delivered the following opinion:

After careful consideration of the oral arguments and briefs submitted herein, the court desires to call attention to an irregularity of practice and violation of the plain and express provisions of equity rule No. 39, in the answer of defendant, in seeking to set up a plea in abatement as to the competency of complainants to maintain this suit. Not having availed himself of the right to plead or demur, as required by this rule, defendant had no right to include in his answer the matter of abatement as a defense; and it must therefore be concluded that by said default he has waived the same.

The master's report, however, although not based on this waiver and consequent admission of the competency of complainants to sue, is supported on the authority of the express provision of the section of the Code of Porto Rico making it wholly optional in special ventures, or partnerships on private agreements between merchants, to register the same, as in the case of corporations and other associations. This finding is assigned for error by the defendant, and the court overrules the same, and affirms the master's finding as correct on this question.

Armstrong v. Alvarado.

At the argument, the only other exception assigned for error, insisted upon, involved the question of the power of the liquidating partner to dispose of an asset of the late firm of Boysen & Company, where said firm owned a fractional or 40 per cent interest, without notice and assent of the co-owner. The testimony before the master disclosed the authority of the late firm of Boysen & Company to sell and dispose of the special assets of said firm. The liquidation did not rescind this right, but devolved the execution of the same as part of the duties of the liquidation. This construction is fully borne out by the action and conduct of defendant Alvarado, who, on receiving notice, did not object, but, on the contrary, fully acquiesced therein. In no sense can this be said to be the making of a new contract in excess of the power or duties of a liquidator. It is in fact but the carrying out of an old or existing contract devolving upon him by law as the liquidator. The court consequently fails to note any error in this conclusion of law of the master, and therefore confirms it.

The other exceptions, not being insisted upon at the argument, are overruled. Let a form of decree in accordance with the master's report be submitted.